IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**KATHY L. BANKS,**

      **Plaintiff,**

v.   Civil Action No. _____

**PUGHS RECOVERY,**
and
**ALLIED TITLE LENDING, LLC,**
    d/b/a Allied Cash Advance,

      **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.   This is an action by a consumer alleging damages for violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, arising from a motor vehicle repossession that took place despite the absence of a present right to possession of the property claimed as collateral through an enforceable security interest, or of any legal or equitable interest whatsoever in the subject vehicle. This action also is brought against Allied Title Lending, LLC, d/b/a Allied Cash Advance, a motor vehicle title lender, the creditor whose negligence resulted in the wrongful seizure and conversion of Plaintiff's vehicle, which occurred when the title lender had no present right to repossess the subject vehicle.  Finally, Plaintiff seeks money damages for conversion and pursuant to the Uniform Commercial Code (UCC) for, among other things, Defendants' seizure of her automobile when they had no right or entitlement to do so, their breach of the peace in so doing, and for their failure to comply with Title 8.1 and with Title 9A of the UCC.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under 28 U.S.C. § 1367(a).

## PARTIES

3. Plaintiff Kathy L. Banks ("Ms. Banks") is a natural person who resides in Lynchburg, Virginia. Ms. Banks is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Pughs Recovery ("Pughs Recovery") is a Virginia business, the principal purpose of whose business is motor vehicle repossessions, using a business address of P.O. Box 1486, Rustburg, Virginia 24588.

5. Defendant Allied Title Lending, LLC, d/b/a Allied Cash Advance ("Allied Cash Advance") is a limited liability company doing business throughout the Commonwealth of Virginia, with its principal place of business located at 200 SE 1st Street, Suite 800, Miami, Florida 33131 and has as its registered agent National Registered Agents, Inc. at 201 N. Union Street, Suite 140, Alexandria, Virginia 22314.

6. Pughs Recovery is an entity that uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.  15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On May 1, 2010, when facing financial difficulty Ms. Banks made the mistake of taking out a "title loan" through Allied Cash Advance.

8. When one takes out a title loan, the loan is secured by giving the title lender the title to the consumer borrower's motor vehicle.

9. During the course of the loan, Plaintiff made a number of her payments at a time that was later than the payment due date called for in the loan agreement.

10. Allied Cash Advance accepted Plaintiff's late payments.

11. Allied Cash Advance expressly agreed to accept Plaintiff's November payment as late as November 26.

12. Allied Cash Advance made such agreement by, among other representations to that effect, stating the following:

> Hi, this message is for Kathy. This is Andrea calling from Allied Cash Advance. I was just calling because umh Stephanie told me you had a problem with your account balance umh with actual payment. Umh. Stephanie is new so she did not realize that when you go past your due date that they automatically just add in the next month's payment so I figured it out. Your payment was $93 plus you had the $15 late fee so your actual payment for this month is $108 even. If you have any questions about that call me back at 434-846-5553. Otherwise I have you in with a promise to pay on the 26th of November. Thank you mam. Bye.
>
> Received Monday, November 15, 2010 at 11:49 a.m.

13. Under the terms of the title loan agreement, Allied Cash Advance was required to mail Plaintiff a "Notice of Default" if she was in default under the agreement.

14. Allied Cash Advance did not mail Plaintiff a Notice of Default.

15. On or about November 7, Pughs Recovery repossessed Plaintiff's car.

16. In so doing, Defendants took "nonjudicial action to effect dispossession" of the subject vehicle at a time when there was "no present right to possession of the property claimed as collateral through an enforceable security interest," to use the parlance of the FDCPA. 15 U.S.C. § 1692f(6).

17. Under the FDCPA, the taking of nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest is a *per se* unfair practice when done while collecting or attempting to collect a debt incurred primarily for personal, family, or household purposes, or when, with respect to such debt, when taking such nonjudicial action.

18. The subject debt was for a personal loan, and was incurred primarily for personal, family, or household purposes, bringing Pugh Recovery's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

19. While repossession companies are ordinarily beyond the scope of the FDCPA, there is an exception to this general rule which states that for the purpose of § 1692f(6) .the term "debt collector" as defined by the FDCPA includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  15 U.S.C. § 1692a(6).

20. Defendants' repossession seizure of Ms. Banks' vehicle was covered by the UCC.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**DEFENDANT PUGHS RECOVERY**

21. The allegations of paragraphs 1 – 20 of the Complaint are incorporated by reference.

22. By its repossession, Defendant Pughs Recovery took nonjudicial action to effect dispossession or disablement of Plaintiff's car at a time when there was no present right to possession of the vehicle, in violation of U.S.C. § 1692f(6).

23. As a result of the acts and omissions of Defendant Pughs Recovery, Ms. Banks has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

## SECOND CAUSE OF ACTION
## NEGLIGENCE – DEFENDANT ALLIED CASH ADVANCE

24. The allegations of paragraphs 1 – 20 of the Complaint are incorporated by reference.

25. Allied Cash Advance was negligent in handling the account and/or in instructing Pughs Recovery to effect the repossession.

26. As a direct and proximate result of Allied Cash Advance's negligence, Plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

## THIRD CAUSE OF ACTION
## VIOLATION OF UNIFORM COMMERCIAL CODE –
## DEFENDANT ALLIED CASH ADVANCE

27. The allegations of paragraphs 1 – 20 of the Complaint are incorporated by reference.

28. By accepting late payments from Plaintiff from time to time over course of the loan, Allied Cash Advance was prohibited from repossessing Plaintiff's car without first giving written notice the it would thenceforth insist on strict enforcement of or compliance with the terms of the title loan agreement.

29. Allied Cash Advance therefore acted in noncompliance with Title 8.1A and with Title 9A of the UCC.

30. Its failure to comply renders it liable to Plaintiff for any loss caused by Allied Cash Advance's failure to comply with Title 9A and Part 6, the default provisions of Title 9A,

and, in any event, for an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price, as provided by Va. Code § 8.9A-625.

31.    As a result of the acts and omissions of Defendant Pugh's Recovery, Ms. Banks has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, and loss of the use of her vehicle.

## FOURTH CAUSE OF ACTION
## CONVERSION –DEFENDANT ALLIED CASH ADVANCE

32.    The allegations of paragraphs 1 – 20 of the Complaint are incorporated by reference.

33.    Allied Cash Advance committed a conversion of Plaintiff's car, entitling Plaintiff to recover, among other things, the value of her vehicle at the time and the place of the taking.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

1.    Declaratory relief that Defendant Pughs Recovery violated the Fair Debt Collection Practices Act;

2.    Award Plaintiff statutory damages against Defendant Pughs Recovery for its violations of the Fair Debt Collection Practices Act;

3.    Award Plaintiff actual damages against Defendant Pughs Recovery for its violations of the Fair Debt Collection Practices Act;

4.    Award Plaintiff reasonable attorneys' fees against Defendant Pughs Recovery for its violations of the Fair Debt Collection Practices Act;

5.    Award Plaintiff costs against the Defendant Pughs Recovery for its violations of the Fair Debt Collection Practices Act;

      6.      Award Plaintiff actual damages against Defendant Allied Cash Advance for its negligence;

      7.      Award actual damages against Defendants for their violation of the UCC.

      8.      Award Plaintiff statutory damages against the Defendants for their violations of the UCC.

      9.      Award actual damages against Allied Cash Advance for its conversion of Plaintiff's vehicle.

      10.     Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

                                                      Respectfully submitted,
                                                      Kathy L. Banks
                                                      By Counsel

   s/_____
By: Dale W. Pittman, VSB#15673
Counsel for Kathy L. Banks
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com